IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEBORDE, DEBORAH DEBORDE,<br><br>    Plaintiffs,<br><br>    vs.<br><br>ALLSTATE INSURANCE COMPANY, DAVID BOWER dba Bower Insurance Group, and DOES 1 through 10, inclusive,<br><br>    Defendants. | CASE NO. CV-F-11-01464-LJO-SMS<br><br>**ORDER ON MOTION TO DISMISS/ MOTION FOR SUMMARY JUDGMENT**<br> (Doc. 8) |

**INTRODUCTION**

In this insurance reformation, breach of contract and bad faith action, defendants Allstate Insurance Company ("Allstate") and David Bower ("Bower") seek to dismiss plaintiff Michael and Deborah DeBorde's ("the DeBordes") complaint against Bower for failure to state a cognizable claim for relief under Fed. R. Civ. P. 12(b)(6). In the alternative, they seek summary judgment for Bower. This Court considered defendants' motions on the record and without the October 11, 2011 hearing or oral argument, pursuant to this Court's Local Rule 230(g). For the reasons discussed below, this Court DENIES defendants' motions.

**BACKGROUND**

*The Parties and Insurance Policy*

The DeBordes are California residents. In 2004, they purchased a home in Dinuba, California.

1

The home was a historic building built in or around 1880.  When the DeBordes purchased the home, they also purchased a homeowner's insurance policy ("policy") issued by Allstate, an Illinois corporation.  Bower owns and operates an insurance agency in Reedley, California, and assisted the DeBordes in acquiring the policy.  Bower told the DeBordes that he understood their needs for coverage and that he had expertise in insuring residential property.  After several inspections of the property, Bower obtained an "Allstate Deluxe Policy" for the DeBordes and assured them that the policy was sufficient to replace the property in the event of a loss.  From 2004 until 2008, Bower inspected the property and set the policy limits annually.  In June 2008, a fire destroyed the DeBordes' home.  On the date of the fire, the policy in force provided approximately $225,000 in building coverage.  The cost to replace the damaged property was more than $600,000.  After the fire, Bower requested that Allstate reform the policy limits.  In August 2009, Allstate denied the reformation claim.

### *The DeBordes' Claims*

On July 18, 2011, the DeBordes filed a complaint in Tulare County Superior Court prior to removal to this Court.  The complaint alleged causes of action for (1) negligence, and (2) negligent misrepresentation against Bower and Allstate.  The complaint alleged causes of action for (3) reformation, (4) breach of contract, and (5) breach of implied covenant of good faith and fair dealing against Allstate.

### *Allstate's Notice of Removal*

On August 31, 2011, Allstate filed its notice to remove this action to this Court on grounds that the joinder of Bower was "fraudulent and designed to attempt to prevent the removal of the Superior Court Action to this Court . . . by the assertion of a sham claim against a resident defendant." (Notice of Removal, p. 3).  In its removal notice, Allstate contends that the DeBordes failed to state a claim of relief against Bower because Bower cannot be held personally liable for actions that occurred while he was acting as an agent and representative of Allstate. (Notice of Removal, p. 3).  Allstate contends that Bower was fraudulently joined for diversity and removal purposes and that his presence should be disregarded in determining jurisdiction. (Notice of Removal, p. 4).  Allstate also argues in its removal notice that the DeBordes cannot substantively state a claim against Bower because they have no factual basis to support their claims for negligence and negligent misrepresentation. (Notice of Removal, p. 5).

*Allstate's Motions*

On September 7, 2011, Allstate filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") for failure to state a claim, or alternatively, a motion for summary judgment, on behalf of Bower. In the Rule 12(b)(6) motion, Allstate contends that Bower is a sham defendant and was joined to prevent removal. (Motion, p. 1). Allstate explains that the claims against Bower should be dismissed because at all times Bower acted as a disclosed agent for Allstate and within the course and scope of that agency thus, he incurred no individual liability to the DeBordes as a matter of law. (Motion, p. 1-2). With regard to the motion for summary judgment, Allstate contends that Mr. DeBorde's own admissions show that there is no factual basis to support the DeBordes' claims against Bower. (Motion, p. 2).

## DISCUSSION

*Motion to Dismiss*

*Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Standards*

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint. A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions...amount[ing] to nothing more than a 'formulaic recitation of the elements'...are not entitled to be assumed true." *Iqbal*, 129 S. Ct. at 1951. A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

*Sham Defendant/Fraudulent Joinder*

Allstate contends that the DeBordes' complaint should be dismissed against Bower because he is a sham defendant and was joined to prevent removal. (Motion, p. 1). Allstate argues that the DeBordes have failed to state a claim against Bower because Bower was acting within the course and scope of his agency and thus, incurred no individual liability as a matter of law. (Motion, p. 1-2).

Fraudulently joined defendants will not defeat removal on diversity grounds. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir.), *cert. denied*, 525 U.S. 963, 119 S.Ct. 407 (1998). "Fraudulent joinder is a term of art." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and 'the defendant's presence in the lawsuit is ignored for purposes of determining diversity.'" *United Computer Systems, Inc. v. A.T. & T. Corp.*, 298 F.3d 756, 761 (9th Cir. 2002) (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)). Joinder is fraudulent if there is no intention to get a joint judgment and there is no colorable ground for claiming so. *Lewis v. Time, Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), *aff'd*, 710 F.2d 549.

1 However, there is no fraudulent joinder if the defendant's assertions go to "'the merits of the action as
2 an entirety, and not to the joinder; that is to say, it indicated that the plaintiff's case was ill founded as
3 to all the defendants.'" *Ritchey*, 139 F.3d at 1318 (quoting *Chesapeake & Ohio R. Co. v. Cockrell*, 232
4 U.S. 146, 153-154, 34 S.Ct. 278 (1914)).

5   Allstate bears the burden to demonstrate Bower is a sham defendant:

> The burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.

9 *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983).

10   A court addressing a sham defendant does not "decide whether the plaintiff will actually or even
11 probably prevail on the merits, but look[s] only for a possibility that he may do so." *Dodson v. Spiliada*
12 *Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). A court must not take "an overly mechanistic approach
13 to defendant's fraudulent joinder claim." *Alderman v. Pitney Bowes Management Services*, 191
14 F.Supp.2d 1113, 1116 (N.D. Cal. 2002).

15   Allstate contends that Bower has no personal liability to plaintiffs for acts committed within the
16 course and scope of his disclosed agency with Allstate. (Motion, p. 3). As a general rule, insurance
17 agents acting in their agency are not individually liable, rather, liability rests with the insurance company.
18 *See Lippert v. Bailey*, 241 Cal.App.2d 376, 382 (1966). Allstate maintains that the DeBordes are suing
19 Bower for acts done while performing the duties of an Allstate agent thus, only Allstate is liable.
20 (Motion, p. 5).

21   The DeBordes point out however, that there are two exceptions to the general rule set forth in
22 *Lippert*: (1) the "special duty" and (2) dual agency exceptions. Under the "special duty" exception, an
23 insurance agent can assume a "special duty" toward his insured by misrepresenting policy terms or extent
24 of coverage. *Paper Savers, Inc. v. Nacsa*, 51 Cal.App.4th 1090, 1096-97 (Cal. App. 2 Dist. 1996). Here,
25 the complaint provides that Bower told the DeBordes that he "obtained . . . [a] policy in an amount
26 sufficient to replace the property in the event of a loss." (Complaint, p. 3). The complaint further
27 provides that, "[a]s of the date of the fire, the policy in force provided approximately $225,000 in
28 building coverage. The cost to replace the damaged property at the time of the fire was more than

1 $600,000[.]" (Complaint, p. 3). Thus, Bower appears to fall into an exception to the *Lippert* rule.
2 Accordingly, this Court cannot say that the DeBordes have "fail[ed] to state a cause of action against
3 [Bower, the] resident defendant." *United Computer Systems, Inc.*, 298 F.3d at 761.

4    In addition, the DeBordes point out, Bower assumed a "special duty" when he held himself out
5 as experienced in procuring insurance coverage and that his experience and knowledge would guarantee
6 replacement. (Opposition, p. 5-6). Under California law, an agent's duty may arise when the agent
7 holds himself out as having expertise in a given field of insurance being sought by the insured. *Macey*
8 *v. Allstate Property and Casualty Ins. Co., et al.*, 220 F.Supp.2d 1116, 1125-26 (N.D. Cal. 2002) (citing
9 *Fitzpatrick v. Hayes*, 57 Cal.App.4th 916, 927 (1st Dist. 1997)). The complaint provides that Bower told
10 the DeBordes that "he had expertise in insuring residential property." (Complaint, p. 2). Thus, Bower
11 appears to fall into an exception to the *Lippert* rule. Accordingly, this Court cannot say that the
12 DeBordes have "fail[ed] to state a cause of action against [Bower, the] resident defendant." *United*
13 *Computer Systems, Inc.*, 298 F.3d at 761.

14   In Allstate's reply, they contend that it is not settled under California law whether a "special
15 duty" exception to the *Lippert* rule exists. (Reply, p. 2). And that even if the exception does exist
16 whether an insurance agent assumes a "special duty" to an insured is a completely separate issue from
17 whether the agent would be personally liable for a breach of such duty. (Reply, p. 3). This court has
18 considered these arguments but points out that a court addressing a sham defendant does not "decide
19 whether the plaintiff will actually or even probably prevail on the merits, but look[s] only for a
20 *possibility* that he may do so." *Dodson*, 951 F.2d at 42 (emphasis added). Accordingly, this Court
21 rejects Allstate's arguments.

22                     ***Motion for Summary Judgment***

23   With regard to the motion for summary judgment, Allstate contends that there is no factual basis
24 to support the claims against Bower. Allstate contends that a recorded telephone conversation between
25 Michael DeBorde ("Mr. DeBorde") and an Allstate claims representative contradicts the allegations in
26 the complaint. (Motion, p. 5). Specifically, Allstate points out that Mr. DeBorde admitted that he did
27 not recall requesting of Bower any particular type of coverage and did not recall talking to Bower about
28 his policy limits or any terms of the Policy. (Motion, p. 5-6). Allstate also alleges that Mr. DeBorde

admitted that he did not ask Bower whether he had any particular insurance expertise, including setting policy limits. (Motion, p. 6).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). However, "[p]utting plaintiffs to the test . . . without ample opportunity for discovery is particularly disfavored." *Texas Partners v. Conrock Co.*, 685 F.2d 1116, 1119 (9th Cir. 1982) (internal quotation marks and citations omitted). Plaintiffs "should be afforded reasonable access to potentially favorable information prior to the granting of summary judgment because on summary judgment all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the summary judgment motion." *Id*. at 1119 (internal citations omitted). Where a plaintiff demonstrates "the possible existence of genuine issues of material fact" the disposition of the issues must await further discovery. *Id*. at 1121.

The transcript of the recorded telephone conversation between Mr. DeBorde and the Allstate claims representative fails to show that the DeBordes' claim lacks a factual basis. When Mr. DeBorde was asked whether he requested any particular type of coverage he said he did not but that he was under the assumption that it was the deluxe policy which was the same policy he had on his prior house. (Declaration, p. 8). When asked whether they discussed the policy limits, Mr. DeBorde said that he did not remember but that he "kind of" remembered discussing the limits and that he was under the assumption that the amount would cover everything because the amount discussed was "kind of what it cost . . . to buy the property." (Declaration, p. 8).

With regard to Bower's expertise, Mr. Deborde admitted that he did not ask Bower whether he had any particular insurance expertise or expertise in setting policy limits. (Declaration, p. 9, 17). However, whether Mr. DeBorde asked is irrelevant. Under California law, the question is whether the agent held himself out as having expertise in a given field of insurance sought by the insured. *See Fitzpatrick*, 57 Cal.App.4th at 927. Moreover, as pointed out by plaintiffs, it is alleged that Bower unilaterally set the limits and renewed the policy limits annually without the DeBordes' authorization. (Opposition, p. 10-11). Thus, there is a dispute of a material fact as to what Bower represented to the DeBordes. Plaintiffs have shown the possibility of the "existence of genuine issues of material fact."

7

*Texas Partners*, 685 F.2d at 1121.  Accordingly, this Court denies Allstate's motion for summary judgment.

## **CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. VACATES the October 11, 2011 hearing on this motion;
2. DENIES defendants' motion to dismiss Bower from the complaint;
3. DENIES defendants' motion for summary judgment on behalf of Bower; and
4. REMANDS this action to Tulare County Superior Court.

IT IS SO ORDERED.

**Dated:   October 5, 2011**              /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE